Andrew Apodaca
AZ Bar No. 034398
Chris Enos
AZ Bar No. 014412
GOERING, ROBERTS, RUBIN, BROGNA,
ENOS & TREADWELL-RUBIN, P.C.
3275 W. Ina Road, Suite 255
Tucson, Arizona 85741-2338
Telephone: (520) 577-9300
Facsimile: (520) 577-0848
aapodaca@azdefenselaw.com
cenos@azdefenselaw.com
*Attorneys for Defendant*
*SelectQuote Insurance Services*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Bahr, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　　　Plaintiff,<br>v.<br><br>Selectquote Insurance Services Inc.,<br><br>　　　　　　Defendant. | Case No.: 2:25-cv-01703-MTM |

Defendant, SelectQuote Insurance Services, improperly identified as SelectQuote Insurance Services, Inc. ("SQIS"), by and through undersigned counsel, responds to the Complaint filed by Plaintiff Jonathan Bahr ("Plaintiff"), as follows:

**INTRODUCTION**

1. SQIS admits that Plaintiff purports to bring this action for alleged violations of the Telephone consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").but denies any violations, damages, wrongdoing or liability under the

1
ANSWER TO COMPLAINT

law to the extent alleged in ¶ 1.

2. SQIS states that the TCPA is the best source of evidence as to its contents, and therefore denies the allegations in ¶ 2 to the extent that they misstate, misconstrue, or mischaracterize its underlying policies and/or provisions.

3. SQIS admits that plaintiff brings the instant lawsuit under the TCPA, but denies all allegations of wrongdoing to the extent alleged in ¶ 3.

4. SQIS denies the allegations in ¶ 4.

## PARTIES

5. SQIS admits that Plaintiff is an individual. Except as specifically admitted, SQIS denies the allegations of ¶ 5 for lack of knowledge or information sufficient to form a belief therein.

6. SQIS admits the allegations in ¶ 6.

## JURSIDICTION AND VENUE

7. SQIS denies the allegations in ¶ 8 as calling for a legal conclusion.

8. SQIS denies the allegations in ¶ 9 as calling for a legal conclusion.

## TCPA BACKGROUND

9. SQIS states that the TCPA and related regulatory provisions are the best source of evidence as to their contents, and therefore denies the allegations in ¶ 9 to the extent that they misstate, misconstrue, or mischaracterize its underlying policies and/or provisions.

10. SQIS states that the TCPA and related regulatory provisions are the best source of evidence as to their contents, and therefore denies the allegations in ¶ 10 to the extent that they misstate, misconstrue, or mischaracterize its underlying policies and/or provisions.

11. SQIS states that the TCPA and related regulatory provisions are the best source of evidence as to their contents, and therefore denies the allegations in ¶ 11 to the extent that they misstate, misconstrue, or mischaracterize its underlying

policies and/or provisions.

12. SQIS states that the TCPA and related regulatory provisions are the best source of evidence as to their contents, and therefore denies the allegations in ¶ 12 to the extent that they misstate, misconstrue, or mischaracterize its underlying policies and/or provisions.

13. SQIS states that the TCPA and related regulatory provisions are the best source of evidence as to their contents, and therefore denies the allegations in ¶ 13 to the extent that they misstate, misconstrue, or mischaracterize its underlying policies and/or provisions.

14. SQIS states that the TCPA and related regulatory provisions are the best source of evidence as to their contents, and therefore denies the allegations in ¶ 14 to the extent that they misstate, misconstrue, or mischaracterize its underlying policies and/or provisions.

15. SQIS states that the TCPA and related regulatory provisions are the best source of evidence as to their contents, and therefore denies the allegations in ¶ 15 to the extent that they misstate, misconstrue, or mischaracterize its underlying policies and/or provisions.

## FACTUAL ALLEGATIONS

16. SQIS denies the allegation in ¶ 16 as calling for a legal conclusion.

17. SQIS denies the allegation in ¶ 17 for lack of knowledge or information sufficient to form a belief therein.

18. SQIS denies the allegation in ¶ 18 for lack of knowledge or information sufficient to form a belief therein.

19. SQIS denies the allegation in ¶ 19 for lack of knowledge or information sufficient to form a belief therein.

20. SQIS denies the allegation in ¶ 20 for lack of knowledge or information sufficient to form a belief therein.

1  21.  SQIS denies the allegation in ¶ 21.
2  22.  SQIS denies the allegation in ¶ 22.
3  23.  SQIS denies the allegation in ¶ 23.
4  24.  SQIS denies the allegation in ¶ 24.
5  25.  Paragraph 25 was left blank and thus does not require a response.
6  26.  SQIS admits its records reflect an employee named Shawn Bowen spoke with a person who identified himself as Jon Bahr. Except as explicitly admitted, SQIS denies the allegations in ¶ 26.
9  27.  SQIS admits its records reflect a telephone number was provided. Except as explicitly admitted, SQIS denies the allegations in ¶ 26.
11  28.  SQIS admits the allegations in ¶ 28.
12  29.  SQIS denies the allegations in ¶ 29.
13  30.  SQIS denies the allegations in ¶ 30.
14  31.  SQIS denies the allegations in ¶ 31 as written.
15  32.  SQIS denies the allegations in ¶ 32.
16  33.  SQIS denies the allegations in ¶ 33.
17  34.  SQIS denies the allegations in ¶ 34.
18  35.  SQIS denies the allegations in ¶ 35.

## CLASS ACTION STATEMENT

20  36.  SQIS reasserts the foregoing paragraphs as fully stated herein.
21  37.  SQIS denies the allegations in ¶ 37 and further denies this matter meets the requirements of a class action.
23  38.  SQIS denies the allegations in ¶ 38 and further denies this matter meets the requirements of a class action.
25  39.  SQIS denies the allegations in ¶ 39 and further denies this matter meets the requirements of a class action.
27  40.  SQIS denies the allegations in ¶ 40 and further denies this matter meets

the requirements of a class action.

41. SQIS denies the allegations in ¶ 41 and further denies this matter meets the requirements of a class action.

42. SQIS denies the allegations in ¶ 42 and further denies this matter meets the requirements of a class action.

43. SQIS denies the allegations in ¶ 43 and further denies this matter meets the requirements of a class action.

44. SQIS denies the allegations in ¶ 44 and further denies this matter meets the requirements of a class action.

45. SQIS denies the allegations in ¶ 45 and further denies this matter meets the requirements of a class action.

46. SQIS denies the allegations in ¶ 46 and further denies this matter meets the requirements of a class action.

47. SQIS denies the allegations in ¶ 47 and further denies this matter meets the requirements of a class action.

48. SQIS denies the allegations in ¶ 48 and further denies this matter meets the requirements of a class action.

49. SQIS denies the allegations in ¶ 49 and further denies this matter meets the requirements of a class action.

50. SQIS denies the allegations in ¶ 50 and further denies this matter meets the requirements of a class action.

51. SQIS denies the allegations in ¶ 51 and further denies this matter meets the requirements of a class action.

## **FIRST COUNT**

### **Alleged Violation of 47 U.S.C. §227**

52. SQIS reasserts the foregoing paragraphs as if fully stated herein.

53. SQIS denies the allegations in ¶ 53.

54. SQIS denies the allegations in ¶ 54.

55. SQIS denies the allegations in ¶ 55.

56. SQIS denies the allegations in ¶ 56.

## JURY DEMAND

SQIS admits only that Plaintiff so requests.

## PRAYER FOR RELIEF

SQIS denies that Plaintiff is entitled to any relief, including the relief sought in the clause following "WHEREFORE" and in subsections a through D.

AND NOW, in further answer to Plaintiff's Complaint, SQIS, avers as follows:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

SQIS alleges that Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to a mandatory arbitration agreement and class action waiver. Therefore, SQIS reserves the right to compel contractual arbitration of this matter.

## THIRD AFFIRMATIVE DEFENSE

SQIS alleges that Plaintiff suffered no concrete injury sufficient to support his standing to pursue his claims under Article III of the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

SQIS alleges, assuming that Plaintiff suffered any damages, which is denied, Plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

## **FIFTH AFFIRMATIVE DEFENSE**

SQIS alleges Plaintiff consented to the conduct for which he seeks relief.

WHEREFORE, SQIS respectfully requests that:

1. Plaintiff take nothing by way of his Complaint;

2. Judgment of dismissal be entered in favor of SQIS;

3. SQIS be awarded costs and attorney's fees it has incurred in defending this lawsuit.

4. SQIS be granted such other and further relief as the Court deems just and proper.

Dated: 7/22/25

                                              */s/ Andrew Apodaca*
                                              Andrew Apodaca
                                              AZ Bar No. 034398
                                              Chris Enos
                                              AZ Bar No. 014412
                                              GOERING, ROBERTS, RUBIN, BROGNA,
                                                  ENOS & TREADWELL-RUBIN, P.C.
                                              3275 W. Ina Road, Suite 255
                                              Tucson, Arizona 85741-2338
                                              Telephone: (520) 577-9300
                                              Facsimile: (520) 577-0848
                                              aapodaca@azdefenselaw.com
                                              cenos@azdefenselaw.com
                                              *Attorneys for Defendant*
                                              *SelectQuote Insurance Services*

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2025, I caused the foregoing ANSWER AND AFFIRMATIVE DEFENSES to electronically filed with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Andrew Roman Perrong
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA  19038
andyperrong@gmail.com

        */s/ Andrew Apodaca*
        Andrew Apodaca