UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| Jonathan Bahr, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SelectQuote Insurance Services Inc.,<br><br>Defendant. | Case No. 25-1703 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. **The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report:**

A telephone conference between counsel for Plaintiff Andrew Perrong and Michael Alltmont (PHV motion forthcoming) was held on September 10, 2025 discussing the issues presented in this Joint Discovery/Case Management Plan.

2. **A list of the parties in the case, including any parent corporations or entities:**
Matthew Wolf, Plaintiff
Putative Class Members, Plaintiffs
SelectQuote Insurance Services Inc., Defendant
SelectQuote, Inc. (parent of defendant)

3. **A short statement of the nature of the case (3 pages or less) including brief statements of the factual and legal basis of Plaintiffs' claims and Defendants' defenses;**

Plaintiff brings suit under the TCPA alleging that he was contacted without his permission after being listed on the Do Not Call list. The basis for those claims is that the Plaintiff received at least three calls from the telephone number 480-496-XXXX seeking to have him purchase SelectQuote's insurance products and services. Plaintiff alleges that he is a member of a class of individuals similarly situated and seeks to have the matter brought as a class action suit. The Plaintiff is seeking to represent the following putative classes of persons:

**National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

The allegations in the Plaintiff's complaint are incorporated herein by reference.

4. **The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific jurisdictional statutes;**

This Court has federal question subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). As the Plaintiff received calls from the Defendant to his Arizona area code number of 480-, this Court has specific personal jurisdiction over the Defendant because the Defendant directed its illegal conduct into Arizona. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events in this action occurred in this district.

5. **Any parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared;**

N/A

6. **A statement of whether any party expects to add additional parties or to amend pleadings;**

The Plaintiff may amend to add in an additional party, Touchstone Communications, which may have had some involvement in the calling conduct complained of, once the Plaintiff is in possession of sufficient discovery to ascertain the precise corporate identity and exact nature of this party's conduct.

7. **A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);**

The Plaintiff intends to file a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. The issue to be decided through such a motion will be whether the Court should certify the putative class of individuals similarly situated who also received calls from the Defendant.

Dependent on how the case proceeds, Defendant anticipates a Motion for Summary Judgment on all claims.

8. **Whether the case is suitable for reference to a United States Magistrate Judge for settlement conference or trial;**

The Parties do not believe that this case is suitable for reference to a United States Magistrate Judge for settlement conference or trial.

9. **The status of any related case pending before another court or another Arizona District Court judge;**
   N/A

10. **A discussion of any issues relating to the preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form(s) in which it will be produced, see Fed. R. Civ. P. 16(b)(3); Fed. R. Civ. P. 26(f)(3);**

There currently appear to be no issues with the preservation, disclosure, or discovery of the main ESI at issue here, which primarily consists of the Defendant's telephone records. The parties commit to and are in the process of preserving ESI and will work cooperatively to resolve any issues surrounding the production of ESI should they occur.

11. **A discussion of any issues relating to claims of privileges or work product;**

None at this time. The parties anticipate working together to address any issues which may arise.

12. **A discussion of whether an order under Federal Rule of Evidence 502(d) (attorney-client privilege and work product) is warranted in this case;**

The Parties will submit a joint proposed protective order to the Court.

13. **A discussion of necessary discovery. This discussion should follow the December 1, 2015 amendments to Fed. R Civ. P. 26(b)(1) and should include: a. The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case; b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure; c. The number of hours permitted for each deposition. The parties should consider whether the total number of deposition hours should be set in the case (i.e. a total of 30 hours for each Plaintiff and 30 hours for Defendant). Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses according to the importance and complexity of the deposition-subject.**

For his part, Plaintiff makes the following discussion of necessary discovery as per the above:

   a. In order to prove his case as well as that of the Class, the Plaintiff will require discovery, generally speaking, into the calling conduct at issue, including the calling records, which may be in the possession of third parties and/or telephone

companies. The Plaintiff will use such calling data to prove his claims as well as those of the class members, as well as to identify class members. The Plaintiff will also seek information related to any third parties which may have placed calls on the Defendant's behalf. Relatedly, and in order to meet any affirmative defense proffered by the Defendant, such as that of consent, the Plaintiff will need to seek information relating to Defendant's policies and procedures regarding compliance and enforcing employee and/or vendor compliance with the TCPA. The TCPA also provides for treble damages if conduct is found to be knowing or willful. Accordingly, the Plaintiff will need to seek information tending to show Defendant's negligence or willfulness regarding TCPA violations. Additionally, the Plaintiff will seek information related to Defendant's telephone record ESI, including critical classwide calling data. The Plaintiff will also retain an expert to analyze classwide calling data once it is obtained to ascertain class members and which all class members were on the Do Not Call Registry. Discovery need not be conducted in phases or limited to or focused on particular issues.

b. The Plaintiff does not suggest any changes to the discovery limitations imposed by the Rules at this time.

c. The Plaintiff is amenable to a total of no more than 70 hours of deposition time for the Plaintiff.

Defendant will need discovery on Plaintiff, including his provision of consent to the call made the subject of this lawsuit, phone and other internet based communications for the relevant time period, any and all other TCPA claims or litigation plaintiff has initiated, Plaintiff's agreement with counsel, and Plaintiff's concrete injuries. Defendant does not suggest any changes to the discovery limitations imposed by the rules at this time. Defendant is fine with the suggested 70 hour maximum deposition time per party.

14. **Proposed dates for each of the following (dates in parentheses are typical deadlines from the date of the Scheduling Conference): a. Rule 26(a)(1) initial disclosure deadline (14 days); b. Motions to amend the complaint and join additional parties (three months); c. Disclosure of expert (four months) and rebuttal expert (five months) witnesses under Fed. R. Civ. P. 26(a)(2); d. The completion of all discovery, which will also be the deadline for final supplementation of discovery responses (if the parties believe more than six months is required, the parties must explain why extended time is essential); e. Filing dispositive motions (seven months); f. Filing settlement status reports (three months and every ninety days thereafter); g. Filing Joint Proposed Pretrial Order (eight months or if dispositive motion is pending, 30 days after the Court rules on dispositive motion).**

A. 10/21/2025
B. 1/7/2026
C. 2/7/2026
D. 4/7/2026
E. 6/6/2026 (Motion for Class Certification – 6/6/2026)

F. 1/7/2026 (and every 90 days thereafter)
G. 7/7/2026

15. **Whether a jury trial has been requested and whether the request for jury trial is contested (if contested, briefly set forth the reasons)**

Plaintiff has made a jury demand. The Parties do not contest it.

16. **The prospects for settlement, including any request of the Court for assistance in settlement efforts (e.g. referral to Magistrate Judge for settlement conference); and;**

Settlement in this matter may be a possibility, but the Plaintiff requires initial discovery into the nature, scope, and extent of the calling conduct at issue, including the size of the putative class at which point the Plaintiff may tender a settlement offer.

Defendant is amenable to discussions of a reasonable resolution.

17. **Any other matters that will aid the Court and the parties in a speedy, just, and inexpensive manner as required by Rule 1 of the Federal Rules of Civil Procedure.**

Counsel for Parties are located outside Arizona and respectfully request that the Court conduct the Rule 16 conference telephonically, as provided for in the Court's Order.

Date: October 15, 2025

        Submitted for the Plaintiff,

        /s/ Andrew Perrong
        Andrew Perrong
        Email: a@perronglaw.com
        Perrong Law LLC
        2657 Mount Carmel Avenue
        Glenside, PA 19038
        Telephone: (215) 225-5529 (CALL-LAW)
        *Subject to Pro Hac Vice*

        Submitted for the Defendant,

        /s/ Michael D. Altmont
        Michael D. Altmont
        Email: malltmont@sessions.legal
        Sessions, Israel & Shartle
        3838 N. Causeway Blvd., Suite 2800
        Metairie, LA 70002-8319
        Telephone: 504-846-7954
        *Subject to Pro Hac Vice*