R. HARRISON GOLDEN, (Bar #38468)
**PHELPS DUNBAR LLP**
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Tel.: 504 566 1311
Fax: 504 568 9130
Email: harris.golden@phelps.com
Attorneys for Defendant TOUCHSTONE
COMMUNICATIONS - II, L.L.C.

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Bahr, individually and on behalf of a class of all persons and entities similarly situated, | No. 2:25-cv-01703-MTL |
| Plaintiff, | **ANSWER TO AMENDED COMPLAINT** |
| v. | |
| SelectQuote Insurance Services, Inc. and Touchstone Communications - II, L.L.C., | |
| Defendant. | |

Defendants, SelectQuote Insurance Services, improperly identified as SelectQuote Insurance Services, Inc. ("SQIS"), and Touchstone Communications - II, L.L.C. ("Touchstone," and, together with SQIS, "Defendants"), by and through undersigned counsel, hereby respond to the Amended Complaint filed by Jonathan Bahr ("Plaintiff"), as follows:

## INTRODUCTION

1. Defendants admit that Plaintiff purports to bring this action for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. Seq. (the "TCPA"), but denies any violations, damages, wrongdoing, or liability under the law to the extent alleges in ¶ 1.

2. Defendants state that the TCPA is the best source of evidence as to its contents, and denies the allegations in ¶ 2 to the extent that they are inconsistent with the TCPA.

3. Defendants admit that Plaintiff brings the instant lawsuit under the TCPA, but

1  deny all allegations of wrongdoing to the extent alleged in ¶ 3.

2      4.      Defendants deny the allegations in ¶ 4.

## PARTIES

4      5.      Defendants admit, upon information and belief, that Plaintiff is an individual residing in Arizona. Defendants deny any and all remaining allegations in ¶ 5.

6      6.      Defendants admit the allegations in ¶ 6.

7      7.      Defendants deny the allegations in ¶ 7, except to admit that Touchstone is a Texas corporation.

## JURISDICTION AND VENUE

10      8.      Defendants deny the allegation in ¶ 8 as calling for a legal conclusion.

11      9.      Defendants deny the allegations in ¶ 9 as calling for a legal conclusion.

## TCPA BACKGROUND

13      10.      Defendants state that the TCPA is the best source of evidence as to its contents, and deny the allegations in ¶ 10 to the extent that they are inconsistent with the TCPA.

16      11.      Defendants state that the TCPA is the best source of evidence as to its contents, and deny the allegations in ¶ 11 to the extent that they are inconsistent with the TCPA.

19      12.      Defendants state that the TCPA is the best source of evidence as to its contents, and denies the allegations in ¶ 12 to the extent that they are inconsistent with the TCPA,

22      13.      Defendants state that the TCPA is the best source of evidence as to its contents, and deny the allegations in ¶ 13 to the extent that they are inconsistent with the TCPA.

25      14.      Defendants state that the TCPA is the best source of evidence as to its contents, and deny the allegations in ¶ 14 to the extent that they are inconsistent with the TCPA.

28      15.      Defendants state that the TCPA is the best source of evidence as to its

1  contents, and deny the allegations in ¶ 15 to the extent that they are inconsistent with the
2  TCPA.
3      16.     Defendants state that the TCPA is the best source of evidence as to its
4  contents, and deny the allegations in ¶ 16 to the extent that they are inconsistent with the
5  TCPA.
6      17.     Defendants state that the TCPA is the best source of evidence as to its
7  contents, and deny the allegations in ¶ 17 to the extent that they are inconsistent with the
8  TCPA.
9      18.     Defendants state that the TCPA is the best source of evidence as to its
10 contents, and deny the allegations in ¶ 18 to the extent that they are inconsistent with the
11 TCPA.
12     19.     Defendants state that the TCPA is the best source of evidence as to its
13 contents, and deny the allegations in ¶ 19 to the extent that they are inconsistent with the
14 TCPA.

## FACTUAL ALLEGATIONS

16     20.     Defendants deny the allegations in ¶ 20 as calling for a legal conclusion.
17     21.     Defendants deny the allegations in ¶ 21 for lack of knowledge or information
18 sufficient to form a belief as to the truth of the matter asserted.
19     22.     Defendants deny the allegations in ¶ 22 for lack of knowledge or information
20 sufficient to form a belief as to the truth of the matter asserted.
21     23.     Defendants deny the allegations in ¶ 23 for lack of knowledge or information
22 sufficient to form a belief as to the truth of the matter asserted.
23     24.     Defendants deny the allegations in ¶ 24 for lack of knowledge or information
24 sufficient to form a belief as to the truth of the matter asserted.
25     25.     Defendants deny the allegations in ¶ 25.
26     26.     Defendants deny the allegations in ¶ 26.
27     27.     Defendants deny the allegations in ¶ 27.
28     28.     Defendants deny the allegations in ¶ 28.

PD.60632243.1

1      29.    Defendants deny the allegations in ¶ 29.

2      30.    Defendants deny the allegations in ¶ 30.

3      31.    Defendants deny the allegations in ¶ 31.

32.    Defendants admit that an employee named Shawn Bowen spoke with a person who identified himself as Jon Bahr.  Except as explicitly admitted, Defendants deny the allegations in ¶ 32.

33.    Defendants admit that a telephone number was provided to the person identifying himself as Jon Bahr.  Except as explicitly admitted, Defendants deny the allegations in ¶ 33.

34.    Defendants admit the allegations in ¶ 34.

35.    Defendants deny the allegations in ¶ 35.

36.    Defendants deny the allegations in ¶ 36.

37.    Defendants deny the allegations in ¶ 37.

38.    Defendants deny the allegations in ¶ 38.

39.    Defendants deny the allegations in ¶ 39.

40.    Defendants deny the allegations in ¶ 40.

41.    Defendants admit that SelectQuote has previously been named as a defendant in lawsuits alleging violations of the TCPA, but Defendants deny liability in those cases, which are the best evidence of their contents.  Except as explicitly admitted, Defendants deny the allegations in ¶ 41.

42.    Defendants deny the allegations in ¶ 42.

43.    Defendants deny the allegations in ¶ 43 as written.

44.    Defendants deny the allegations in ¶ 44 as written.

45.    Defendants admit that Plaintiff attempts to quote the FCC, and the cited source is the best evidence of its contents.  Except as explicitly admitted, Defendants deny the allegations in ¶ 45.

46.    Defendants admit that Plaintiff attempts to interpret guidance from the FCC, which is the best source of its own guidance.  Except as explicitly admitted, Defendants

4

1  deny the allegations in ¶ 46.

2      47.    Defendants admit that Plaintiff attempts to quote *In re DISH Network*, 28 FCC
3  rcd. 6574, 6588 ¶ 37 (2013), which is the best evidence of its contents.  Except as explicitly
4  admitted, Defendants deny the allegations in ¶ 47.

5      48.    Defendants admit that Plaintiff attempts to quote *In re DISH Network*, 28 FCC
6  rcd. 6574, 6588 ¶ 37 (2013), which is the best evidence of its contents.  Except as explicitly
7  admitted, Defendants deny the allegations in ¶ 48.

8      49.    Defendants deny the allegations in ¶ 49.
9      50.    Defendants deny the allegations in ¶ 50.
10     51.    Defendants deny the allegations in ¶ 51.
11     52.    Defendants deny the allegations in ¶ 52.
12     53.    Defendants deny the allegations in ¶ 53.
13     54.    Defendants deny the allegations in ¶ 54.
14     55.    Defendants deny the allegations in ¶ 55 as written.
15     56.    Defendants deny the allegations in ¶ 56 as written.
16     57.    Defendants deny the allegations in ¶ 57 as written.
17     58.    Defendants deny the allegations in ¶ 58 as written.
18     59.    Defendants deny the allegations in ¶ 59 as written.
19     60.    Defendants deny the allegations in ¶ 60.
20     61.    Defendants deny the allegations in ¶ 61.
21     62.    Defendants deny the allegations in ¶ 62 as written.
22     63.    Defendants deny the allegations in ¶ 63.
23     64.    Defendants deny the allegations in ¶ 64.
24     65.    Defendants deny the allegations in ¶ 65.
25     66.    Defendants deny the allegations in ¶ 66.

26     67.    Defendants admit that Plaintiff attempts to quote *In re DISH Network*, 28 FCC
27 rcd. 6574, 6588 ¶ 37 (2013), which is the best evidence of its contents.  Except as explicitly
28 admitted, Defendants deny the allegations in ¶ 67.

1     68.     Defendants deny the allegations in ¶ 68.

2     69.     Defendants deny the allegations in ¶ 69 as written.

3     70.     Defendants deny the allegations in ¶ 70.

4     71.     Defendants deny the allegations in ¶ 71.

5     72.     Defendants deny the allegations in ¶ 72.

6     73.     Defendants deny the allegations in ¶ 73.

## CLASS ACTION STATEMENT

74. Defendants incorporate its responses to all prior paragraphs as if set forth fully herein.

75. Defendants deny the allegations in ¶ 75 and further deny this matter meets the requirements of a class action.

76. Defendants deny the allegations in ¶ 76 and further deny this matter meets the requirements of a class action.

77. Defendants deny the allegations in ¶ 77 and further deny this matter meets the requirements of a class action.

78. Defendants deny the allegations in ¶ 78 and further deny this matter meets the requirements of a class action.

79. Defendants deny the allegations in ¶ 79 and further deny this matter meets the requirements of a class action.

80. Defendants deny the allegations in ¶ 80 and further deny this matter meets the requirements of a class action.

81. Defendants deny the allegations in ¶ 81 and further deny this matter meets the requirements of a class action.

82. Defendants deny the allegations in ¶ 82 and further deny this matter meets the requirements of a class action.

83. Defendants deny the allegations in ¶ 83 and further deny this matter meets the requirements of a class action.

84. Defendants deny the allegations in ¶ 84 and further deny this matter meets the

PD.60632243.1

1 requirements of a class action.

2     85.    Defendants deny the allegations in ¶ 85 and further deny this matter meets the requirements of a class action.

4     86.    Defendants deny the allegations in ¶ 86 and further deny this matter meets the requirements of a class action.

6     87.    Defendants deny the allegations in ¶ 87 and further deny this matter meets the requirements of a class action.

8     88.    Defendants deny the allegations in ¶ 88 and further deny this matter meets the requirements of a class action.

10     89.    Defendants deny the allegations in ¶ 89 and further deny this matter meets the requirements of a class action.

## FIRST CAUSE OF ACTION

90. Defendants incorporate its responses to all prior paragraphs as if set forth fully herein.

91. Defendants deny the allegations in ¶ 91.

92. Defendants deny the allegations in ¶ 92.

93. Defendants deny the allegations in ¶ 93.

94. Defendants deny the allegations in ¶ 94.

## SECOND CAUSE OF ACTION

95. Defendants incorporate its responses to all prior paragraphs as if set forth fully herein.

96. Defendants admit that Plaintiff attempts to interpret the TCPA, which is a statute that speaks for itself. Except as explicitly admitted, Defendants deny the allegations in ¶ 96.

97. Defendants admit that Plaintiff attempts to interpret the TCPA, which is a statute that speaks for itself. Except as explicitly admitted, Defendants deny the allegations in ¶ 97.

98. Defendants deny the allegations in ¶ 98.

PD.60632243.1

1  99. Defendants deny the allegations in ¶ 99.

2  100. Defendants deny the allegations in ¶ 100.

3  101. Defendants deny the allegations in ¶ 101.

### THIRD CAUSE OF ACTION

102. Defendants incorporate its responses to all prior paragraphs as if set forth fully herein.

103. Defendants deny the allegations in ¶ 103.

104. Defendants deny the allegations in ¶ 104.

105. Defendants deny the allegations in ¶ 105.

### PRAYER FOR RELIEF

106. Defendants deny that Plaintiff is entitled to any relief whatsoever, including the relief sought in the unnumbered Prayer for Relief containing subsections A-F.

### JURY DEMAND

107. Defendants admit that Plaintiff has requested a trial by jury.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint should be dismissed because various causes of action fail to state claims upon which relief can be granted as to Plaintiff or the putative class members.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to a mandatory arbitration agreement and class action waiver.  Therefore, Defendants reserve the right to compel contractual arbitration of this matter.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not suffered a concrete injury sufficient to support his standing to pursue his claims under Article III of the United States Constitution.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff suffered damages (which fact is denied), Plaintiff failed to mitigate his damages or to take other reasonable steps to avoid or to reduce his damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff consented to the conduct for which he seeks relief.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members' claims fail to the extent that the purported damages, if any, were the direct and proximate result of the conduct of Plaintiff, the putative class members, and/or other third parties.

**SEVENTH AFFIRMATIVE DEFENSE**

Any recovery Plaintiff or the putative class members receive is subject to a set off if any damages are awarded against Defendants in the amount of any damages or settlement amounts recovered by Plaintiff and the putative class members with respect to the same alleged damages. Defendants are also entitled to have any damages that may be awarded to Plaintiff or the putative class members reduced by the value of any benefit or payment to them from any collateral source.

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Defendants because the telephone system used to allegedly contact Plaintiff does not constitute an automatic telephone dialing system ("ATDS") under the TCPA.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff and the putative class members cannot recover from Defendants for statutory damages on the grounds that any award of statutory damages would be impermissible under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Excessive Finds Clause of the Eighth Amendment to the United States Constitution, and the Constitution of the State of Arizona due to the lack of any actual damages suffered by Plaintiff or the class as well as the gross disparity between the

1  allegations of harm and the size of the claim.  Stating further, any award of statutory
2  damages would violate the constitutional standards enunciated in cases such as *BMW of N.*
3  *Am. Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto Ins. Co. v. Campbell*,
4  538 U.S. 408 (2003).

    RESPECTFULLY SUBMITTED this 12 day of February, 2026.

    _____
    R. Harrison Golden
    PHELPS DUNBAR LLP
    365 Canal Street, Suite 2000
    New Orleans, LA 70130

    Andrew Apodaca
    AZ Bar No. 034398
    Chris Enos
    AZ Bar No. 014412
    GOERING, ROBERTS, RUBIN,
    BROGNA, ENOS & TREADWELL-
    RUBIN, P.C.
    3275 W. Ina Road, Suite 255
    Tucson, Arizona 85741-2338
    Telephone: (520) 577-9300
    Facsimile: (520) 577-0848
    aapodaca@azdefenselaw.com
    cenos@azdefenselaw.com

    Attorneys for the Defendants SelectQuote
    Insurance Services and Touchstone
    Communications – II, LLC

PD.60632243.1

**CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

Andrew Thomas Apodaca, aapodaca@azdefenselaw.com; Christopher Lawrence Enos, cenos@azdefenselaw.com; Michael Alltmont, malltmont@sessions.legal; and Andrew Roman Perrong, a@perronglaw.com

I hereby certify that on February 12, 2026, a courtesy copy was mailed to:

Judge Michael T Liburdi

/s  R. HARRISON GOLDEN

11

PD.60632243.1